IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                CR 14-2856 KG

JUAN DANIEL PARRA,

    Defendant.

## SENTENCING MEMORANDUM

**COMES NOW** Defendant Parra by and through his attorney of record, Jess Lilley, and hereby files this sentencing memorandum.  Sentencing is set for October 14, 2015.  Parra requests for the Court to sentence him to 15 months, which is the low end of the guideline range identified in presentence report (PSR ¶61).  Parra has already served 17 months.

    1.  Parra is pending sentencing for distribution of marijuana. The undersigned counsel was assigned to represent Parra after his sentencing was continued.  The Court was apparently concerned at that sentencing that the presentence report did not assess a two-level increase for possessing a weapon pursuant to 2D1.1(b)(1), and that Parra received a three-level minor/minimal role adjustment (PSR ¶23).

*Two-Level Enhancement for Possessing Weapon is Not Warranted*

    2.  Parra maintains the presentence report was correct and the two-level increase for possessing a weapon is not a warranted.  The following is the information from discovery pertaining to the weapon found in the vehicle:

    •Parra was a passenger in the vehicle driven by his girlfriend Borrego

    •Borrego was driving when stopped and the gun was found under the driver's seat

•Borrego admitted she put the gun under the seat before the trip

•After they started driving, Borrego admitted she informed Parra the exact nature of the trip and that Parra agreed to accompany her in picking up the marijuana

•Parra had given Borrego the gun in the past and had disposed of all of his weapons because of his felony status.

•The border patrol report from the scene indicates Borrego stated that she and Parra purchased the weapon in the past and they brought it for protection.  However, this statement contradicts her later statement to the case agent that Borrego did not know the nature of the trip until after they had left.

•Parra never admitted to knowing the gun was in the vehicle during the trip, but did admit after his arrest that he has previously given the gun to Borrego because of his felony status.

3.   The evidence above does not establish that Borrego knew the weapon was in the vehicle at any time during the trip.  Therefore, Probation was correct in not assessing the two-level increase for possessing a weapon pursuant to 2D1.1(b)(1).

### *The Three-level Minor/Minimal Role Adjustment is Warranted*

4.   The presentence report was correct in applying a three-level reduction for minor/minimal role.  The following is the information from discovery pertaining to the role:

•Parra was a passenger in the vehicle driven by his girlfriend Borrego

•Borrego got involved in smuggling in 2013 when she met a man at a Tucson shuttle service

•The Tucson man later put Borrego in contact with "Chapo."

•Borrego made a prior trip to Deming to pickup marijuana and illegal aliens and returned them to Tucson and was paid $1,500.  Borrego made four such trips for Chapo from November 2013 to January 2014.  Parra was not identified as participating in any of these trips.

•On the case at hand Chapo offered her $2,000 for a similar marijuana pickup and

delivery. Borrego asked Parra to travel with her.

- After they started driving, Borrego admitted she informed Parra the exact nature of the trip and that Parra agreed to accompany her in picking up the marijuana
- Borrego indicated her brother had recently been arrested for smuggling marijuana and was incarcerated
- Parra told agents he knew Borrego's brother was in jail and that Borrego was probably doing the marijuana load to make money to help her brother.

5. The evidence above establishes that Parra had no role whatsoever in planning or arranging the pickup of the marijuana. He was making no money. He did agree to ride along with Borrego once he was informed on the nature of the trip, but his role was simply that of a passenger. A three-level role adjustment is appropriate.

## *Conclusion*

The Court should sentence Parra to 15 months pursuant to the applicable guideline range identified by in the presentence report. However, if the Court were to assess the two-level weapon enhancement, Parra would end up offense level 14 with a corresponding guideline range of 18-24 months. (Total Offense in ¶28 increased to level 15, however another acceptance point would be awarded bringing Total Offense Level to 14). Regardless of the Court's ruling on the enhancement and role adjustments, the 17 months Parra has served is a reasonable sentence.

        Respectfully Submitted,

        LILLEY & O'CONNELL, P.A.

        *E-filed October 9, 2015*

        */s/ Jess R. Lilley*
        Jess R. Lilley,
        Attorney for Defendant
        1020 S. Main
        Las Cruces, NM 88005
        (575) 524-7809 Phone
        (575) 526-2642 Fax
        jess@lilleyandoconnell.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing document was e-filed to opposing counsel this 9th day of October 2015, to wit:

Renee Camacho
Asst. U.S. Attorney
U.S. Attorney's Office
555 S. Telshor, Ste. 300
Las Cruces, NM 88011

                */s/ Jess R. Lilley*
                Jess R. Lilley